SUMMONS ISSUED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

SHAWN ACK, MAYNOR HODGSON,
JORGE PERALTA, and VIRGILIO
REYNA, Individually and on Behalf of All
Others Similarly Situated,

**CV 11 - 5582**

                  Plaintiffs,

Civ. Action No. _____

-against-

MANHATTAN BEER DISTRIBUTORS,
INC., MANHATTAN BEER
DISTRIBUTORS, LLC, and SIMON
BERGSON, Jointly and Severally,

**CLASS & COLLECTIVE ACTION COMPLAINT** AMON, CH.J.

                  Defendants.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

GOLD, M.J.

★ **NOV 15 2011** ★

BROOKLYN OFFICE

### NATURE OF THE ACTION

1.    Plaintiffs in this action are SHAWN ACK ("Ack"), MAYNOR HODGSON ("Hodgson"), JORGE PERALTA ("Peralta"), and VIRGILIO REYNA ("Reyna" and, collectively with Ack, Hodgson, and Peralta, the "Plaintiffs"). Plaintiffs Ack, Hodgson, and Peralta allege, on behalf of themselves and all other similarly situated current and former employees who worked for Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) that they are entitled to: (i) unpaid wages from defendants MANHATTAN BEER DISTRIBUTORS, INC., MANHATTAN BEER DISTRIBUTORS, LLC (collectively with Manhattan Beer Distributors, Inc., the "Corporate Defendants,") and SIMON BERGSON ("Bergson" and, collectively with the Corporate Defendants, the "Defendants"), for work performed for which they were not paid minimum wages or were not compensated whatsoever; (ii) unpaid wages for overtime work for which they

1

did not receive overtime premium pay, as required by law; and (iii) liquidated damages, costs and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiffs further complain, on behalf of themselves, each opt-in plaintiff, and a class of all other similarly situated current and former employees of Defendants (the "Class"), pursuant to Fed. R. Civ. P. 23, that they are entitled to: (i) unpaid wages and minimum wages; (ii) unpaid overtime as required by New York Labor Law (NYLL) §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL); (iii) unpaid "spread-of-hour" pay for each day where Plaintiffs worked more than 10 hours and/or a split shift; and (iv) compensation for business expenses Plaintiffs were required to pay.  Plaintiffs and the Class are also entitled to liquidated damages, interest, costs and reasonable attorneys' fees pursuant to the NYLL.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff Ack was, at all relevant times, an adult individual residing in New York County, New York.

2

7.      Plaintiff Hodgson was, at all relevant times, an adult individual residing in Kings County, New York.

8.      Plaintiff Peralta was, at all relevant times, an adult individual residing in Suffolk County, New York.

9.      Plaintiff Reyna was, at all relevant times, an adult individual residing in Bronx County, New York.

10.     Upon information and belief, Defendant Manhattan Beer Distributors, Inc. is an active New York corporation with its principle place of business at 400 Walnut Avenue, Bronx, New York 10454-2097.

11.     Upon information and belief, Defendant Manhattan Beer Distributors, LLC is an inactive New York corporation with its principle place of business at 400 Walnut Avenue, Bronx, New York 10454-2097.

12.     Upon information and belief, Defendant Bergson has been, at all material times herein, the President and Chief Executive Officer of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants, and who acted intentionally and maliciously in his direction and control of Plaintiffs and the Corporate Defendants' other similarly situated employees. Bergson set Plaintiffs' schedules and pay and was responsible for the Corporate Defendants' failure to pay all required wages and overtime. Bergson is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, because of his control over Plaintiffs' terms of employment and is jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

13.     Pursuant to 29 U.S.C. § 207, Plaintiffs Ack, Hodgson, and Peralta seek to prosecute their FLSA claims as a collective action on behalf of all Sales Associates and all other similarly situated employees who are or were employed by Defendants since November 15, 2008 and through the entry of judgment in this case (the "Collective Action Period"), and who are non-exempt within the meaning of the FLSA and were not paid wages and minimum wages for all hours worked and/or overtime wages at the required premium rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

14.     The Collective Action Members are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within Defendants' sole control, upon information and belief, there are in excess of one hundred (100) Collective Action Members during the Collective Action Period.

15.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

16.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There

4

will be no difficulty in the management of this action as a collective action.

17.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.  whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs were employed, in violation of 29 C.F.R. § 516.4;

e.  whether Defendants failed to pay the Collective Action Members minimum wage for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

## CLASS ALLEGATIONS

18.     Pursuant to the NYLL, Plaintiffs sue on their own behalf, on behalf of the Collective Action Members and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19.     Plaintiffs seek to prosecute their NYLL claims as individuals, on behalf of the Collective Action Members and as a class action on behalf of all Sales Associates and all other similar employees who are or were employed by Defendants since November 15, 2005 and through the entry of judgment in this case (the "Class Period"), who are non-exempt within the meaning of the NYLL and who (i) were not paid wages at their agreed-upon wage rates for all hours worked; (ii) were not paid minimum wage for all hours worked; (iii) were not paid overtime at the required rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek; (iv) were not paid spread-of-hours payments for each day where they worked more than ten (10) hours and/or a split shift; and/or (v) were required to pay out of pocket for business expenses of the Corporate Defendants (the "Class Members").

20.     The Class Members are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within Defendants' sole control, upon information and belief, there are in excess of one hundred (100) members of the Class during the Class Period.

21.     Plaintiffs' claims are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate

defendants. Plaintiffs and the Class Members have been subjected to Defendants' policy and practice of failing to pay minimum wage, failing to pay overtime for hours worked in excess of forty (40) hours per week, failing to pay spread-of-hours payments on days in which employees work for more than ten (10) hours, and failing to compensate employees for business expenses they incurred in the course of their work.

22.     As stated above, questions of law and fact common to the Class Members predominate over questions that may affect only individual members. As Defendants have acted or refused to act on grounds generally applicable to all Class Members, final injunctive relief or corresponding declaratory relief with respect to the Class as a whole is appropriate.

23.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs understand that as class representatives they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately. Plaintiffs further recognize that as class representatives, they must represent and consider the interests of the Class Members just as they would represent and consider their own interests, including with regard to decisions about the conduct of the litigation and its possible settlement.

24.     Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Class Members may be relatively small, the expense and burden of individual litigation would make it virtually impossible for the Class Members to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendants' practices.

26.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members wages for all hours worked and premium pay for hours worked in excess of forty (40) hours per workweek;

e. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f. whether Defendants failed to pay Plaintiffs and the Class Members an additional hour of pay for each hour worked in excess of ten (10) hours in one day and an additional hour of pay for each split shift worked in a day; and

    g.   whether Defendants illegally caused Plaintiffs to pay out of pocket for Defendants' business expenses.

## STATEMENT OF FACTS

27.    At all relevant times, Defendants have been in the beer sales business. Defendants currently own Manhattan Beer Distributors, a beer sales company headquartered at 400 Walnut Avenue, Bronx, NY 10454. Upon information and belief, the company also operates in Queens, Kings, Richmond, and Nassau counties.

28.    According to Defendants' website, Defendants employ at least one thousand three hundred (1,300) employees at any one time in their beer sales business (http://www.manhattanbeer.com/about.asp#history). Defendants have a high rate of employee turnover.

29.    Plaintiff Ack worked for Defendants from approximately May 9, 2011 through September 30, 2011 (the "Ack Employment Period") as a Sales Associate.

30.    Throughout the Ack Employment Period, Ack was typically required to work at least fifty (50) hours each week. Ack was paid $550.00 per week, which was designed to cover forty (40) hours worked. Defendants failed to keep track of the hours that Ack was required to work and Ack was not paid any compensation whatsoever for hours worked over forty (40) each week. Ack was therefore also not paid at the required time and one half rate for all hours worked beyond forty (40) in one week.

31.    Ack frequently worked more than ten (10) hours in one day, yet he did not receive "spread-of-hours" compensation in an amount equal to one hour's pay at the minimum wage on those days.

32.    Ack covered various business expenses for Defendants and was never reimbursed,

including purchasing the gas used in driving his vehicle during the workday and multiple "pricing guns" with which to affix price stickers to cases of beer.

33.     Plaintiff Hodgson worked for Defendants from approximately September 2010 through the present date (the "Hodgson Employment Period") as a Sales Associate. Upon information and belief, Hodgson was required to pay for the gas that he used in driving his delivery vehicle, maintenance costs, parking tickets, and other related business expenses.

34.     Throughout the Hodgson Employment Period, Hodgson was typically required to work at least fifty (50) hours each week. Hodgson was paid $550.00 per week, which was designed to cover forty (40) hours worked. Hodgson was not paid any compensation whatsoever for hours worked over forty (40) each week. Hodgson was therefore also not paid at the required time and one half rate for all hours worked beyond forty (40) in one week.

35.     Throughout the Hodgson Employment Period, Hodgson frequently worked more than ten (10) hours in one day, yet he did not receive "spread-of-hours" compensation in an amount equal to one hour's pay at the minimum wage on those days.

36.     Plaintiff Peralta has worked for Defendants from approximately January 2011 through the present (the "Peralta Employment Period") as a Sales Associate. Mr. Peralta was required to pay for the gas that he used in driving his delivery vehicle, as well as maintenance costs, parking tickets, and other related business expenses.

37.     Throughout the Peralta Employment Period, Peralta was typically required to work at least fifty (50) hours each week. Peralta was paid approximately $625.00 per week, which was designed to cover forty (40) hours worked. Peralta was not paid any compensation whatsoever for hours worked over forty (40) each week. Peralta was therefore also not paid at the required time and one half rate for all hours worked beyond forty (40) in one week.

38.     Throughout the Peralta Employment Period, Peralta has frequently worked more than ten (10) hours in one day, yet he has not received "spread-of-hours" compensation in an amount equal to one hour's pay at the minimum wage for those days.

39.     During the Peralta Employment Period, Peralta has been required to drive his supervisor to and from work as a condition of employment.   Peralta has received no compensation whatsoever for the time spent driving his supervisor.

40.     Plaintiff Reyna worked for Defendants as a Sales Associate from approximately June 2007 through May 2008 (the "Reyna Employment Period").  Reyna was required to use his own vehicle and pay for gas used in driving during the work day.

41.     Throughout the Reyna Employment Period, Reyna was typically required to work at least fifty (50) hours each week.  Upon information and belief, despite the fact that Reyna worked more than forty (40) hours per week, he received no compensation for hours worked beyond forty (40) each week and therefore he received no payment at overtime premium rates.

42.     Throughout the Reyna Employment Period, Reyna frequently worked more than ten (10) hours in one day, yet he did not receive "spread-of-hours" compensation in an amount equal to one hour's pay at the minimum wage on those days.

43.     Despite the "Sales Associate" title held by all Plaintiffs, Plaintiffs spent little time making sales and were  primarily responsible for unpacking beer previously delivered by Defendants' delivery drivers.  Plaintiffs would ensure that the client's coolers were properly stocked and affix price stickers to Defendants' products.

44.     Plaintiffs were responsible for setting up and maintaining product displays and special promotions at client locations.

11

45.     In addition to the Plaintiff Sales Associates, Defendants employed individuals with the title "Sales Representative."  Sales Representatives were actually in charge of making sales and were paid partially on a commission basis.  Sales Representatives went through existing accounts and scheduled the orders that would be delivered the following day and which Plaintiffs and other Sales Associates would eventually use to stock clients' stores.

46.     Plaintiffs and other Sales Associates were required to attend weekly and monthly meetings.  The meetings would take place after the regular workday had ended and typically would last 2-3 hours.  Plaintiffs received no compensation whatsoever for attending these meetings.

47.     Plaintiffs' work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

48.     The work performed by Plaintiffs required little skill and no capital investment.

49.     Throughout the Class Period, Defendants failed to maintain accurate time clocks or other time keeping systems and therefore failed to keep sufficient records of the time worked by Plaintiffs.  In fact, the Sales Associates were given no way whatsoever to keep track of the hours that they actually worked.

50.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment, providing delivery services and other general restaurant services.  Upon information and belief, all such individuals have worked in excess of fifty (50) hours per week and often more than ten (10) hours in a given day.

51.     Upon information and belief, Defendants have willfully failed to pay these similarly situated individuals minimum wage, overtime, and additional payments equal to one

hour's pay at minimum wage for all days on which the individuals worked more than ten (10) hours. Additionally, upon information and belief, Defendants have forced similarly situated Sales Associates to pay for business expenses such as gas, maintenance, and parking tickets.

52.     As stated, the exact number of such similarly situated individuals is presently unknown, but within the sole knowledge of the Defendants and ascertainable through appropriate discovery.

53.     Upon information and belief, throughout all relevant time periods and during the course of Plaintiffs' employment periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

54.     Plaintiffs Ack, Hodgson, and Peralta repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     At all relevant times, Defendants employed, and/or continue to employ, Ack, Hodgson, and Peralta and each of the Collective Action Members within the meaning of the FLSA.

57.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

58.     Plaintiffs have provided their consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto and

incorporated by reference.

59.    At all relevant times, Defendants had a policy and practice of refusing to pay their employees minimum wages, wages for all hours worked, and overtime compensation for hours worked in excess of forty (40) hours per workweek.

60.    As a result of Defendants' willful failure to pay its employees any compensation whatsoever, including Plaintiffs and the Collective Action Members, let alone at a rate at least one and one-half times the regular rate of pay (at rates of at least minimum wage) for work performed in excess of forty (40) hours in a workweek, Defendants have willfully violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.    As a result of Defendants' willful failure to compensate their employees, including Ack, Hodgson, and Peralta and the Collective Action Members, at the required minimum wage for each hour worked and overtime at time and one-half their regular rate of pay, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.* and its implementing regulations.

62.    As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

63.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Due to Defendants' FLSA violations, Plaintiffs Ack, Hodgson, and Peralta and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME,**
**MINIMUM WAGE AND SPREAD-OF-HOURS PAYMENTS**

65.     Plaintiffs, on behalf of themselves, the opt-in Plaintiffs and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66.     At all relevant times, Plaintiffs, the opt-in Plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

67.     Defendants willfully violated Plaintiffs' rights, the opt-in Plaintiffs' rights, and the Class Members' rights by failing to compensate them at no less than minimum wage for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, and an additional hour of pay for each hour worked in excess of ten (10) hours in one day, in violation of the NYLL and its implementing regulations.

68.     The Defendants' NYLL violations have caused Plaintiffs, the opt-in Plaintiffs, and the Class Members irreparable harm for which there is no adequate remedy at law.

69.     Due to Defendants' NYLL violations, Plaintiffs, the opt-in Plaintiffs, and the Class Members are entitled to recover from Defendants their unpaid wages at no less than

minimum wage and unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.* and § 196-d.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – FAILURE TO PAY WAGES**

70.     Plaintiffs, on behalf of themselves, the opt-in Plaintiffs and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71.     Defendants entirely failed to pay Plaintiffs, the opt-in Plaintiffs and the Class Members for hours worked beyond forty (40) each week.

72.     Defendants' failure to pay Plaintiffs, the opt-in Plaintiffs, and the Class Members at their agreed-upon wage rates for all hours worked constitutes a violation of, *inter alia*, NYLL §§ 191 and 198.

73.     Due to Defendants' NYLL violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid compensation at no less than minimum wage for all hours worked, interest, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action pursuant to NYLL § 663(1) *et seq.* and § 196-d.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – UNLAWFUL BUSINESS EXPENSE DEDUCTIONS**

74.     Plaintiffs, on behalf of themselves, the opt-in Plaintiffs and the Class Members, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75.     Defendants have forced Plaintiffs, the opt-in Plaintiffs, and the Class Members to cover out-of-pocket various expenses of Defendants' business, including gas, maintenance, and parking tickets, in violation of the NYLL.  Accordingly, Defendants are required to compensate Plaintiffs and the Class Members for all business expenses that Defendants wrongly made Plaintiffs and the Class Members cover.

76.     The Defendants' NYLL violations have caused Plaintiffs, the opt-in Plaintiffs, and the Class Members irreparable harm for which there is no adequate remedy at law.

77.     Due to Defendants' NYLL violations, Plaintiffs, the opt-in Plaintiffs, and the Class Members are entitled to recover damages from Defendants in the amount of Defendants' business expenses for which Plaintiffs, the opt-in Plaintiffs, and the Class Members paid, liquidiated damages, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.* and § 196-d.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.      Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs Ack, Hodgson, and Peralta and their counsel to represent the Collective Action Members;

b.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.   An order tolling the statute of limitations;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.   An award of wages for all hours worked at agreed-to wage rates as well as overtime compensation due under the FLSA and the NYLL;

g.   An award of damages arising out of the non-payment of minimum wages;

h.   An award of damages arising out of the non-payment of wages;

i.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL;

j.   An award of damages arising out of the illegal deduction of business expenses;

k.   An award of liquidated damages arising out of the illegal deduction of business expenses;

l.   An award of damages for the non-payment of spread-of-hour pay for each split shift and/or shift in excess of ten (10) hours worked;

m.   An award of prejudgment and post-judgment interest;

18

n.      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

o.      Such other and further relief as this Court deems just and proper.


Dated: New York, New York
       November 15, 2011

                                PELTON & ASSOCIATES PC

                                By: _____
                                Brent E. Pelton (BP 1055)
                                Attorney for Plaintiff, Individually, and
                                on Behalf of All Other Persons Similarly Situated
                                111 Broadway, Suite 901
                                New York, New York 10006
                                Telephone: (212) 385-9700
                                Facsimile: (212) 385-0800

19

October 5, 2011
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Manhattan Beer Distributors and and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wage and overtime as required under state and/or federal law, and for making illegal wage deductions, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  _____  10/5/11
Signature        Date

_____
Shawn Ack
Printed Name

October 20, 2011
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Manhattan Beer Distributors and and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wage and overtime as required under state and/or federal law, and for making illegal wage deductions, and also authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____       10/20/2011
Signature                           Date

Maynor Hodgson
_____
Printed Name

October 26, 2011
Page 7

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above Fair Labor
Standards Act action in my name and on my behalf by the representative lead plaintiffs against
Manhattan Beer Distributors and/or their respective owners, officers, directors, shareholders and
affiliates. I hereby designate the lead plaintiff(s) who have brought this lawsuit as my agent to make
decisions on my behalf concerning this litigation, the method and manner of conducting this
litigation, and all other matters pertaining to this lawsuit. I understand that I will be represented by
Pelton & Associates PC without prepayment of costs or attorneys' fees. I understand that if plaintiffs
are successful, costs expended by attorneys on my behalf will be deducted from my settlement or
judgment first. I understand that my attorneys may petition the court for an award of fees and costs
to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be
either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement
or judgment amount (including fees), whichever is greater.


_____  10/27/11          Jorge R. Peralta
Signature                Date               Printed Name

October 20, 2011
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Manhattan Beer Distributors and and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wage and overtime as required under state and/or federal law, and for making illegal wage deductions, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Virgilio Reyna_          _10/28/11_              VIRGILIO ReyAA
Signature                  Date                    Printed Name